UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHANE WESLEY GILLETTE,

             Plaintiff,

v.

JASON R. EGGERT,

             Defendant.

_____/

Case No. 1:24-cv-93

Hon. ROBERT J. JONKER


**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis* (ECF No. 5). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss plaintiff's complaint for failure to state a federal claim against defendant Jason R. Eggert.

## I.    Plaintiff's allegations

Plaintiff has filed this lawsuit against defendant Jason R. Eggert, an assistant appellate defender with Michigan's State Appellate Defendant Office (SADO).  Plaintiff alleged the following claims arising under 42 U.S.C. § 1983 (in his words):

> Attorney/Law Firm negligence, steriotyping, being perjatice, lible slander deflamation of character, my right to Equal protection right amendment violated, not keeping in contact, not fulfilling my 65.00 relif of judgment motion, a visit by defendent with a female studant intern was in late summer of 2019 at 811 Howard St. Bay City, MI 48708, Emails, voicmails to defendent, complaint on file with complaint relate investagations & inspections division of prof. licensing beauru of regulary affairs in Lansing, MI.  Lower Court is Manistee County.  Conviction Integraty Unit Application.  Prison visit 2018.  Prosecuting Cheif Attorney Jason H. Haag P61727 & Jonathan P. Hauswirth P. 75277.  MDOC, an community court ordered / outpatient mental health records.  Retired Cheif Prosecuting Attorney Ford K. Stone from Manistee County 2015 or 2016.

Compl. (ECF No. 1, PageID.3).

> For his relief plaintiff stated (in his words):

> I want compensated of $100,000.00 for pain & suffering, emotional depersion, lose of sleep, attorney / law firm negligence, also my right to appeal by right process not being followed by the defendents / defendents place of work.  I also want reimbursement for filing cost & other fees of this Act, 42 U.S.C. § 1983.

*Id*. at PageID.4.

## II.    Failure to state a claim

### A.    Legal standard

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### B.    Plaintiff's § 1983 claim

Plaintiff alleges a § 1983 claim against defendant Eggert for violation of his rights under the Equal Protection Clause of the United States Constitution.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its

jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To establish an equal protection claim under § 1983, a plaintiff must show that he is a member of a protected class and that he was intentionally and purposefully discriminated against because of his membership in that protected class. *Jones v. Union County, Tennessee*, 296 F.3d 417, 426 (6th Cir. 2002); *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000).

Plaintiff also suggests that defendant provided ineffective assistance of appellate counsel in violation of the Sixth Amendment (*e.g.*, defendant did not keep in contact, defendant did not "fulfill" a post-conviction motion for relief from judgment, and defendant's failure to follow through with plaintiff's "right to appeal"). To establish a claim of ineffective assistance of counsel, plaintiff must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him resulting in an unreliable or fundamentally unfair outcome. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Plaintiff's constitutional claims should be dismissed because defendant Eggert, an Assistant Defender at SADO, is not a state actor subject to § 1983. As the Sixth Circuit explained in *White v. Robertson-Deming*, 6 Fed. Appx. 418 (6th Cir. 2001), a state public defender is not a "state actor" for purposes of a § 1983 claim:

> Michigan inmate White filed his complaint against two Michigan state public defenders . . . in which he alleged that they failed to act in a "competent manner" by filing a "motion in order to appeal" White's criminal conviction. White requested a total monetary award of $850,000 for the "pain and suffering" occasioned by the defendants' violation of White's "constitutional rights and ineffective assistance of counsel."

The district court granted White's request for pauper status and promptly conducted a review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  The court concluded that White could not maintain a civil rights claim against either public defender defendant as they had not acted under color of state law.  The court declined to accept subject matter jurisdiction over White's complaint to the extent it could be construed as a Michigan state law malpractice claim, and ordered the complaint to be dismissed.  White timely filed a Fed.R.Civ.P. 59(e) post-trial motion in which he repackaged the essential elements of his complaint, the district court denied the motion, and White filed the appeal at bar. On appeal, White takes issue with the judgment in its entirety.

The district court did not err in concluding that White's complaint failed to state a claim for relief.  To prove a civil rights claim under 42 U.S.C. § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).  It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 321, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  A § 1983 civil rights claim that would call into question the fact or validity of White's confinement was not cognizable in the absence of a showing that White's conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, the district court properly declined to assume subject matter jurisdiction over that portion of White's complaint that could be construed as a state law claim for legal malpractice after concluding that there was no federal claim for relief.  *See, e.g., Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996).

*White*, 9 Fed. Appx. at 419-20.

For these same reasons, defendant Eggert, an assistant defender at SADO, is not a state actor subject to § 1983.  Plaintiff has failed to state any § 1983 claims against defendant. Accordingly, plaintiff's § 1983 claims against defendant should be dismissed.

### C.    State law claims

As discussed, plaintiff's federal claims against defendant Eggert should be dismissed.  To the extent that plaintiff seeks to invoke this Court's supplemental jurisdiction over

his state-law claims of negligence (legal malpractice), libel, slander, and defamation (*see* 28 U.S.C. § 1367), the Court should decline to exercise jurisdiction.

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion General Hospital, Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted).  Dismissal, however, remains "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction over what amounts to a legal malpractice claim against defendant Eggert and state law torts of libel, slander and defamation arising out of Eggert's representation of plaintiff.  Such claims should be addressed in state court.  Accordingly, plaintiff's state-law claims should be dismissed without prejudice.

### III.     Recommendation

For the reasons set forth above,

I respectfully recommend that plaintiff's § 1983 claims against defendant Jason R. Eggert be **DISMISSED with prejudice**.

I further recommend that plaintiff's state law claims against defendant Jason R. Eggert be **DISMISSED without prejudice**.

I further recommend that this action be **terminated**.


Dated:  March 28, 2024                              /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).